The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion on the following question:
 Does Ark. Code Ann. § 11-10-509 preclude employees of educational institutions who are members of Reserve units or National Guard units that were called to active duty during Operation Desert Shield and Operation Desert Storm and unable to perform their duties at the educational institution during the 1990-1991 school year from receiving employment security benefits during the summer vacation upon their return from active duty?
It is my opinion that the answer to your question is "no." Subsection (a) of A.C.A. § 11-10-509 (Supp. 1989) states as follows:
 With respect to services performed in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on services for any week of unemployment commencing during the period between two (2) successive academic years or terms, during a similar period between two (2) regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if the individual performs the services in the first of the academic years or terms and if there is a contract or a reasonable assurance that the individual will perform services in any such capacity for any educational institution in the second of the academic years or terms.
See also A.C.A. § 11-10-509(b) (Supp. 1989), with respect to services performed in any other capacity for an educational institution.
This Code section thus denies unemployment compensation for periods between academic years or terms where the above conditions are present, i.e., services are performed in the first of the academic years or terms, and there is a contract or a reasonable assurance that the individual will perform the services in the second year or term. This provision would not appear to be an impediment to receiving benefits where no such services were performed, based on the assertion that in that instance, one of the necessary conditions for precluding benefits is absent.
A final determination with regard to any particular individual's entitlement to benefits would, of course, have to be made on a case by case basis, with a view to all applicable provisions of the Arkansas Employment Security Law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB: arb